CASE 17—JUNE 16.

# Durant, &c., vs. Gabby.

APPEAL FROM MASON CIRCUIT COURT.

The law does not confer upon the clerk of a circuit court any authority to receive money on a replevin bond in his office, and to enter a receipt therefor on the bond.

W. H. WADSWORTH, for appellants, cited *Revised Statutes, page* 322.

HORD & CLARKE, for appellee, cited 2 *Sumn.*, 567; 2 *Parsons on Contracts, note, page* 59, *and authorities there referred to*.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

Does the law confer upon the clerk of a circuit court any authority to receive money on a replevin bond in his office, and to enter a receipt therefor on the bond? This is the only question in the present case.

If it be no part of the duty of a circuit court clerk to collect the money due on replevin bonds, he has no authority to do it. His official authority is limited by the extent of his duties, and beyond that boundary he has no power to act by virtue of his office.

The performance of such a duty is not required by the nature of the office; it is not imposed by statute, nor is it demanded by any principle of law or public policy.

The clerk is the mere legal custodian of the replevin bond. Its possession by him does not create any presumption that he is authorized by the plaintiff to collect the debt, either before or after the bond becomes due. He is not intrusted with the possession of it by the plaintiff, but the law places it in his custody, and makes him responsible for its safe-keeping.

It is said, however, that the practice of paying money on replevin bonds to the clerks of the circuit courts in their office, has very generally prevailed in this State, and that hence the inference arises that they have legal authority to collect it.

The practice relied upon, as it appears to have existed in some places, according to the proof in this case, was for the

defendant in the replevin bond to leave the money for its pay-
ment with the clerk of the court, who paid it over for him to
the plaintiff or his attorney, and took a receipt for the amount.
In such a transaction the clerk was the mere agent of the
defendant; he was acting for him at his request, and did not
act in his official capacity. In this there was nothing incon-
sistent with the law; but the clerk acted in his individual capa-
city, and was the mere agent of the party who intrusted him
with his money.

The clerk of a circuit court has no legal authority to collect
money on a replevin bond in his official capacity. He was
not authorized to collect it in this case by the party to whom
the bond was payable, nor did he pay the money over to him
which he did collect. His receipt on the replevin bond was
therefore unauthorized and illegal, and the circuit court prop-
erly decided that it should be disregarded, and that the plaintiff
was entitled to an execution for the whole amount of the
replevin bond.

Wherefore, the judgment is affirmed.